NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8651

IN RE APPLICATION OF EGAN.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Egan,* Slip Opinion No. 2017-Ohio-8651.]**

*Attorneys—Character and fitness—Prof.Cond.R. 5.5—Attorney who is not admitted to the practice of law in this jurisdiction may not establish an office or other systematic and continuous presence in this jurisdiction for the practice of law—Pending application to take the bar exam approved— Applicant may apply to take the February 2018 bar exam.*

(No. 2017-0397—Submitted May 17, 2017—Decided November 22, 2017.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 663.

_____

**Per Curiam.**

{¶ 1} Applicant, Shannon O'Connell Egan, of Cincinnati, Ohio, is a 1998 graduate of the Louisiana State University Paul M. Hebert Law Center. She was admitted to the Kentucky bar in October 1998 and the Indiana bar in October 2014.

In November 2015, Egan applied to register as a candidate for admission to the practice of law in Ohio and to take the July 2016 bar exam. Based on findings that Egan engaged in the unauthorized practice of law ("UPL") by establishing offices in Cincinnati, Ohio, from which she practiced Kentucky law for more than ten years, the Board of Commissioners on Character and Fitness recommends that we disapprove her current application but permit her to reapply for the February 2018 bar exam. We adopt the board's findings of fact. Based on evidence of Egan's exemplary character and professional reputation and the steps she and her firm have taken to rectify her conduct, however, we find that Egan has carried her burden of proving that she currently possesses the requisite character, fitness, and moral qualifications to practice law in this state. We therefore approve Egan's pending application and permit her to sit for the February 2018 bar exam.

### Summary of Proceedings

{¶ 2} In June 2016, the admissions committee of the Cincinnati Bar Association recommended that Egan's character, fitness, and moral qualifications to practice law be approved. The Board of Commissioners on Character and Fitness, however, invoked its sua sponte investigatory authority, conferred by Gov.Bar R. I(10)(B)(2)(e), and scheduled a hearing on the matter.

{¶ 3} The evidence presented at the hearing shows that Egan accepted a position in the Cincinnati law office of Lerner, Sampson & Rothfuss in September 2002 and practiced Kentucky law from that office until March 2013, when she accepted a position with another Cincinnati law firm. Lerner, Sampson's letterhead stated that Egan was "admitted in Kentucky." Although the letterhead did not affirmatively state that she was admitted *only* in Kentucky, it so implied, in that it described other attorneys as "also admitted in Kentucky." The board accepted Egan's testimony that she limited her practice to Kentucky matters, that she did not hold herself out as an Ohio lawyer or enter an appearance in an Ohio court, and that she neither met with clients nor conducted depositions in Ohio.

**{¶ 4}** In late 2008, Egan applied for admission to the Ohio bar without examination with the belief that she had completed the five years of practice in another jurisdiction required by Gov.Bar R. I(9)(A)(2). However, this court's bar-admissions counsel returned Egan's application with a letter stating that Egan did not meet all of the requirements for admission without examination. The letter did not state that Egan had violated any rule, but it informed her that her employment in the Cincinnati office of Lerner, Sampson & Rothfuss could not be counted as past practice of law for purposes of admission without examination because under Gov.Bar R. I(9)(B)(2), time in practice is credited only when it is "performed in a jurisdiction in which the applicant was admitted or in a jurisdiction that affirmatively permitted such practice by a lawyer not admitted to practice in that jurisdiction."

**{¶ 5}** Egan filed a second application for admission without examination after she joined the Cincinnati office of Graydon, Head & Ritchey, L.L.P., in March 2013. In rejecting that application, bar-admissions counsel reiterated the reasons that Egan's previous application was rejected and suggested that she contact the Board on the Unauthorized Practice of Law if she had questions about the effect of her legal employment in Ohio. In response to that letter, Graydon, Head & Ritchey moved Egan to the firm's Kentucky office—though she continued to work in the firm's Cincinnati office approximately 40 percent of the time—issued her new business cards, and changed her signature block. The firm also sought advice from the Cincinnati Bar Association, who downplayed the UPL issue and advised that Egan would have to take the bar exam and that she would likely be asked questions about potential UPL issues if she applied to take the exam.

**{¶ 6}** At the panel hearing, Egan testified that she is a community-minded person who would never intentionally violate professional rules. Under questioning from the panel, Egan insisted that it never occurred to her that she might be engaging in UPL until she received notice of the board's sua sponte investigation

and met with her counsel in August 2016. She testified that since that time, she has performed legal services exclusively in Kentucky and Indiana, where she is licensed, and has stopped working from her Ohio home on evenings and weekends. In addition, Egan stated that one of her character and fitness interviewers expressed dismay that she had not been admitted on motion, and other attorneys react with incredulity when told of her difficulties. She also presented evidence that a former colleague had engaged in the same conduct with different results. His application for admission without examination was also rejected because the required five years of practice included practice in a jurisdiction in which he was not admitted, but he was later permitted to take the bar exam without a character and fitness hearing.

**{¶ 7}** The board found that Egan had engaged in the unauthorized practice of law by establishing an office in Ohio from which she practiced Kentucky law full-time from 2002 until at least 2013 and approximately 40 percent of the time from 2013 until August 2016. The board found that her conduct, to the extent that it continued after the February 1, 2007 effective date of the Rules of Professional Conduct, violated Prof.Cond.R. 5.5(b)(1) (prohibiting a lawyer who is not admitted to the practice of law in this jurisdiction to establish an office or other systematic and continuous presence in this jurisdiction for the practice of law). The board also acknowledged that by some accounts, conduct like Egan's is widespread in Cincinnati.

**{¶ 8}** The board found that Egan's testimony seemed honest and sincere and that she has presented evidence that she is a very competent and careful attorney. But it also stated that it was "difficult to believe that she did not have some inkling that there might be a problem" when her applications for admission without examination were twice rejected for practicing law in a jurisdiction in which she was not admitted to the bar.

**{¶ 9}** Given the length of time that Egan had engaged in the unauthorized practice of law and the relatively short period of time that she had been in

4

compliance with Prof.Cond.R. 5.5 at the time of the hearing, the board recommended that we disapprove her pending application but permit her to reapply for the February 2018 bar exam.

### Disposition

**{¶ 10}** An applicant to the Ohio bar must prove by clear and convincing evidence that he or she "possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(11)(D)(1). Evidence that an applicant has committed an act constituting the unauthorized practice of law is one factor to be considered in determining whether an applicant is fit to practice law in this state. Gov.Bar R. I(11)(D)(3)(c).

**{¶ 11}** Prof.Cond.R. 5.5 governs the multijurisdictional practice of law in Ohio. It provides that a lawyer who is not admitted to practice law in this jurisdiction shall not "establish an office or other systematic and continuous presence in this jurisdiction for the practice of law," except as authorized by these rules or other law. Prof.Cond.R. 5.5(b)(1). The rule provides limited exceptions to this prohibition. It authorizes a lawyer who is admitted in another United States jurisdiction, who is in good standing in that jurisdiction, and who regularly practices law to provide legal services in Ohio *on a temporary basis* if the services fall within certain limits described in the rule. *See* Prof.Cond.R. 5.5(c)(1) through (4). But Egan admitted that her practice was not temporary within the meaning of the rule. The rule also authorizes a lawyer admitted and in good standing in another United States jurisdiction to provide legal services in Ohio through an office or other *systematic and continuous presence* in just three circumstances. But Egan has not proven that any of those circumstances exist here.[1] *See* Prof.Cond.R.

---

[1] Prof.Cond.R. 5.5(d)(1) through (3) permit a lawyer who is admitted and in good standing in another United States jurisdiction to provide services in Ohio through an office or other systematic and continuous presence in just three circumstances: (1) the lawyer is registered for corporate-counsel status with the Office of Attorney Services and is providing legal services to the lawyer's employer or its organizational affiliates for which the permission of a tribunal to appear pro hac vice is not

5.5(d)(1) through (3). Moreover, Official Comment [15] to the rule explains: "Except as provided in divisions (d)(1) through (d)(3), a lawyer who is admitted to practice law in another jurisdiction and who establishes an office or other systematic or continuous presence in this jurisdiction must become admitted to practice law generally in this jurisdiction." Egan never became admitted to the bar in Ohio. Thus, there can be no dispute that Egan's conduct constituted the unauthorized practice of law. For that reason, we adopt the board's findings of fact.

{¶ 12} Although we find that Egan engaged in the unauthorized practice of law in this state for an extended period of time, we note that she did not engage in the practice of Ohio law, and there is no evidence tending to demonstrate that she caused any harm to her clients or the citizens of Ohio. Based on evidence of Egan's exemplary character and professional reputation and the steps that she and her firm took to relocate her practice to Kentucky once they realized the import of her conduct, we find that Egan has carried her burden of proving that she currently possesses the requisite character, fitness, and moral qualifications to practice law in this state. Therefore, we approve Egan's pending application and permit her to sit for the February 2018 bar exam, provided that she satisfies the remaining registration requirements.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, and FISCHER, JJ., concur.

DEWINE, J., concurs in judgment only.

_____

required, (2) the lawyer is providing services that the lawyer is authorized to provide by federal or Ohio law, or (3) the lawyer is registered for corporate-counsel status with the Office of Attorney Services and is providing authorized pro bono services.

Kegler, Brown, Hall & Ritter, L.P.A., and Jonathan E. Coughlan, for applicant.

The Law Office of James A. Whittaker. L.L.C., and Laura I. Murphy, for the Cincinnati Bar Association.

Tucker Ellis, L.L.P., Benjamin C. Sassé, and Irene C. Keyse-Walker, for the Board of Commissioners on Character and Fitness.

_____